IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ELTON RANKIN, JR.,<br>Institutional ID No. 1663596 | §<br>§<br>§ | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-00114-C |
| | § | |
| OFFICER VINCENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Elton Rankin, Jr., a state prisoner proceeding pro se, filed a Petition to Perpetuate Testimony, which the Court originally interpreted as a civil-rights complaint. Doc. 1. He did not pay a filing fee or file an application to proceed *in forma pauperis*, but he did submit a certificate of his inmate trust account showing that he has a zero balance. Recently, he clarified that he did not intend to file a civil-rights complaint; rather, he seeks only to perpetuate testimony under Rule 27 of the Federal Rules of Civil Procedure. Doc. 9. However, as explained below, the Court finds that the petition must be DENIED, and the civil action must be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 27; 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A.

### I.  Plaintiff's Request

Plaintiff requests permission to issue "simple written depositions of no more than 20 questions" to two Texas Department of Criminal Justice (TDCJ) employees—"Vincent," who he identifies as the Law Library regional supervisor, and "Ms. Pagoda," who he identifies as Vincent's supervisor. Doc. 1. Plaintiff complains that these two TDCJ administrators have impermissibly altered prison policy to prevent prisoners like himself who are housed in

administrative segregation from accessing the law library. *Id.* He acknowledges that "there may well be some justification for the agencys [sic] action," and that the depositions "will easily allow the agency to exp[la]in themselves." *Id.* at 2.

## II. Legal Standards

Federal Rule of Civil Procedure 27 provides a means of perpetuating testimony before an action is filed. *See* Fed. R. Civ. P. 27. A person seeking to perpetuate testimony under the Rule must "file a verified petition in the district court for the district where any expected adverse party resides." *Id.* The petition must show:

(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

(B) the subject matter of the expected action and the petitioner's interest;

(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E) the name, address, and expected substance of the testimony of each deponent.

*Id.*

A Rule 27 petitioner must also show that he is unable to bring his action and that, without the perpetuation of the testimony, a failure or delay of justice will occur. Fed. R. Civ. P. 27(a)(1) and (a)(3); *Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir. 1981). The burden is on the party making the motion to show that there is a danger the testimony will be lost if the deposition is delayed. *State of Arizona v. State of California*, 292 U.S. 341, 347–48 (1934). Mere allegations that witnesses might die or memories might fade are not sufficient to justify granting a Rule 27(a) motion. *Ash v. Cort*, 512 F.2d 909, 913 (3d Cir. 1975). In addition, a petitioner must articulate specific reasons to perpetuate the testimony, and "unsubstantiated, conclusory

allegations that evidence will be lost are not sufficient to warrant relief under Rule 27." *Tyson v. Daspit*, No. 19-MC-0031, 2019 WL 1984316, at *1 (W.D. La. May 3, 2019) (citing *In re Ramirez*, 241 F.R.D. at 596). Finally, the petitioner must serve notice upon each person named in the petition. Fed. R. Civ. P. 27(a)(2).

It is well established that Rule 27 allows only the "perpetuation of known testimony," and it "may not be used as a vehicle for discovery prior to filing a complaint." *In re Ramirez*, 241 F.R.D. at 596 (citing *Ash*, 512 F.2d 909, 911 (3d Cir. 1975)). "The early commentators agreed that [using Rule 27 as a discovery vehicle] was not the purpose of the rule, and, despite an occasional intimation to the contrary, the courts have generally agreed that to allow Rule 27 to be used for this purpose would be abuse of the rule." *In re Jones*, No. CV 7:21-MC-00001-BP, 2022 WL 102962, at *1–2 (N.D. Tex. Jan. 11, 2022) (citing 8 WRIGHT, MILLER, & MARCUS, FED. PRACTICE & PROC. § 2071 (1994) (internal citations omitted)).

### III.   Discussion

Here, Plaintiff has failed to meet the requirements of Rule 27. His motion must be denied because: (1) he relies on "unsubstantiated, conclusory allegations that evidence will be lost" to justify the proposed depositions; (2) he fails to adequately explain what is preventing him from filing a lawsuit; and (3) he seeks only pre-lawsuit discovery, which is improper under Rule 27.

First, Plaintiff asserts in conclusory fashion that without these written depositions, the evidence will be lost because "both witnesses are likely to quit and seek different employment within 90 days of filing this petition." Doc. 1. Plaintiff did not support his conclusion with any facts; he just insists that "turn over for TDCJ is by their own admission extremely high." Plaintiff's unsubstantiated, conclusory allegation that the two witnesses may leave their employment with TDCJ does not warrant relief under Rule 27. Moreover, even if the witnesses

do separate from TDCJ, it does not necessarily follow that the evidence will be lost. The fact that a witness changes jobs does not render him unavailable, and even so, TDCJ is a large agency that keeps records of its policies in the normal course of business.

Next, he acknowledges that "the standard of review is not simply and easily overcome," and "[t]o file the complaint and prosecute the case requires a load of evidence and the ability to prove the case." Doc. 9. He continues that "it is impossible for him to say and prove at this moment in time that he has suffered a civil rights violation." *Id.* But, depending on the facts he could uncover through depositions, he suspects that he may have claims for age discrimination, retaliation, violation of due process related to his administrative remedies, and denial of access to courts. *Id.* But he asserts that he "does not want to file a § 1983 because all such events are explainable by reasonable affidavit and testimony." *Id.*

Simply put, he admits that he is not seeking to perpetuate "known testimony" but to discover what the two would-be deponents may say. In other words, it appears that Plaintiff seeks discovery to help him determine whether he has a viable claim. But such pre-action discovery is not permissible under Rule 27. Moreover, nothing is preventing Plaintiff from filing a lawsuit and seeking discovery through the normal course of litigation. *See Wood v. Tex. Dep't of Crim. Justice Rehabilitation & Reentry Program*, 419 F. App'x. 471, 473 (5th Cir. 2011).

## IV. Conclusion

As discussed above, the Court finds that Plaintiff has failed to make the requisite showing under Rule 27, and he has made it clear that he does not intend to pursue a civil-rights complaint at this time. Although the Court has found that Plaintiff is not entitled to pursue pre-lawsuit discovery through his Rule 27 motion, this order will not prejudice Plaintiff's right to pursue his

claims—should he have a good-faith basis for doing so—in a properly filed civil-rights complaint.

It is, therefore, ORDERED that:

(1)  Plaintiff's Motion to Perpetuate Testimony must be **DENIED**.

(2)  This civil action and all claims alleged therein are **DISMISSED without prejudice** for failure to state a claim.

(3)  Plaintiff is granted leave to proceed *in forma pauperis* for purposes of his motion to perpetuate testimony.

(4)  Any pending motions are denied.

Judgment shall be entered accordingly.

Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

Dated October 9, 2023.

_____
SAM R. CUMMINGS
Senior United States District Judge